IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| CASSANDRA WILLIAMS RUSH, | ) | |
| | ) | |
| Plaintiff, | ) | C/A No. 3:04-22978-CMC-JRM |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| RICHLAND COUNTY FIRST STEPS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff filed this action against her former employer alleging that she was furloughed and then terminated in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. ("Title VII"), 42 U.S.C. § 1981, and 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(g), DSC, the matter was referred to United States Magistrate Judge Joseph R. McCrorey for pretrial proceedings.

Defendant, Richland County First Steps to School Readiness Partnership ("RCFS"), filed a motion for summary judgment on August 22, 2005. Following full briefing, Magistrate Judge McCrorey issued a Report and Recommendation ("Report") on October 10, 2005, recommending that this court grant Defendant's motion in full. Dkt No. 15. The matter is presently before this court on Plaintiff's objections to the Report, filed November 8, 2005. Dkt No. 16.

This court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

Plaintiff's objections focus on the fourth prong of the test set forth in *McDonnell Douglas v. Green,* 411 U.S. 792 (1973) for proof of discrimination by circumstantial evidence. While

Plaintiff concedes that the furlough was necessary due to budgetary reasons, she argues that the "method [by] which Defendant implemented the furlough and reduction in force (RIF) [was] discriminatory." Objection at 2. Her most specific challenges, set out in three short paragraphs, are as follows: (1) Plaintiff should not have been furloughed as long as other employees because she was the primary party involved in the operation of the Parents as Teachers program; (2) Plaintiff should have been retained instead of Lisa Corning because she was certified both as a supervisor and parent educator and was, therefore, the most qualified individual; and (3) Plaintiff's comments to the Executive Director suggesting that Plaintiff perceived a racial bias within the organization are sufficient to raise an inference of retaliation "if found objectionable" by the Executive Director.[1] Plaintiff does not challenge any specific portion of the Report's factual statement or provide any reference to the record in support of her objections. Neither does she provide any argument beyond the essentially conclusory statements summarized above.

The court finds that the Plaintiff's objections are adequately and correctly addressed by the Magistrate Judge's Report. For instance, as to the furlough, Plaintiff has failed to provide any specific or adequate challenge to the Magistrate Judge's conclusion that she was treated no worse than any other *similarly situated* employee. Report at 10-11 (noting that, as to this claim, fourth prong requires a showing that "the alleged adverse action occurred under circumstances that raise a reasonable inference of unlawful discrimination"). This is, in large measure, because Plaintiff fails to offer any specific challenge to the conclusion that she was not similarly situated to those

---

[1] The specifics of these comments are discussed in the Report at Facts ¶ 9.

Caucasian employees who received shorter furloughs.[2]

Likewise, as to the RIF based claim, Plaintiff has failed to provide any specific or adequate challenge to the Magistrate Judge's conclusion that Plaintiff cannot succeed on this claim because she has not proffered evidence that persons outside the protected class were retained in the same position. *See* Report at 14. More specifically, Plaintiff has failed to challenge the subordinate conclusions that Corning merely assumed Rush's PAT reporting duties and that no one assumed all of Plaintiff's former duties.[3]

As to the retaliation claim, Plaintiff has failed to direct the court to any evidence of a causal connection between the alleged protected activity and the adverse actions which might support rejection of the Magistrate Judge's recommendation. *See* Report at 17-18. As the Magistrate Judge noted, there are difficulties both because of the lack of temporal proximity and because there is no evidence that the ultimate decision maker, the Board, was aware of the comments.

Finally, as to each of the claims, Plaintiff has failed to direct the court to any evidence that the legitimate reasons given by Defendant for its specific actions (the decision to furlough Plaintiff for six weeks and, later, to eliminate her position) were pretextual. Accordingly, the Report and Recommendation of the Magistrate Judge is adopted in full and incorporated by reference.

---

[2] Plaintiff offers nothing to challenge the Report's conclusion that the six Caucasian employees who were furloughed for a shorter period of time were not similarly situated to Plaintiff either because of their significantly different positions (the Executive Director and the Administrator for RCFS), or because the funding for their position came, in part, from an outside grant (six employees whose salaries were partially funded by a United Way grant).

[3] As stated in the Report, the parent as teacher reporting duties took up only twenty percent of Plaintiff's time.

IT IS HEREBY ORDERED that the Defendant's motion for summary judgment be GRANTED and that this case be dismissed with prejudice.

**IT IS SO ORDERED**.

                                              s/ Cameron McGowan Currie  
                                              CAMERON MCGOWAN CURRIE  
                                              UNITED STATES DISTRICT JUDGE

Columbia, South Carolina  
November 16, 2005

C:\temp\notesB0AA3C\04cv22978-Adopt R&R over Obj.wpd